**AFFIRMED; Opinion Filed October 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00483-CR**

**LEON JERNIGAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-70147-U**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

Appellant Leon Jernigan entered into an open plea agreement, pursuant to which he waived his right to a jury trial and entered a plea of guilty to the charged offense of stalking. After conducting a hearing, the trial judge accepted appellant's plea of guilty, found him guilty of the charged offense, and sentenced appellant to twelve years' confinement. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**ANDERS**

Appellant's appointed appellate counsel filed an *Anders* brief and a motion to withdraw, stating she had made a thorough review of the entire appellate record and that, in her opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel certified that she delivered a copy of the brief to appellant, and by letter dated December 4, 2023, we advised appellant of his right to file a pro se response by January 3, 2024, and cautioned that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel). Appellant has not filed a pro se response.

An *Anders* brief must "contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). This evaluation requires not only that counsel refer the court to anything in the record that might arguably support the appeal, citing applicable authorities, but it also requires appellate counsel to discuss the evidence introduced at trial, which entails providing the reviewing court with ready references to the record. *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

After court-appointed appellate counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we must independently examine the record to

–2–

determine whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"). An appeal is wholly frivolous when it lacks any basis in law or fact; an argument is frivolous if it cannot "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n. 12 (Tex. Crim. App. 2008).

If, after conducting an independent review of the record, we conclude either that appellate counsel has not adequately discharged his or her constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

With these principles in mind, we turn to considering counsel's *Anders* brief after we briefly discuss the factual and procedural background of the case before us.

## BACKGROUND

In March 2020, appellant met T.D. on Facebook, and soon thereafter they began a romantic relationship. Although she liked him initially, T.D. began to notice that appellant would be upset with her when she spent time with her parents or her child from a previous relationship without him, when she missed a phone call from him, or when she returned home from work and did not call him. On or about August 7, T.D. decided to end the relationship and told appellant not to go to her

home. That day and in spite of T.D.'s statement, appellant went to her home. When she answered the door, T.D. told appellant to leave, but he pushed his way into her home. Appellant asked how she could leave and do "this" to him before he hit her in the face, injuring her eye and lip. T.D. knelt down to protect her face, screaming. Appellant instructed her to take a shower with the door open. After she had finished her shower, T.D. attempted to run out of the apartment, but appellant blocked the door and remained at the apartment for approximately three to four hours before leaving.

In the months that followed, appellant would not leave T.D. alone, despite her repeated statements to do so. He showed up at her home in different cars; he attempted to grab her child while T.D. was walking with the child to her car; he sent her hundreds of emails between October and December of 2021; and he called her at the hospital where she worked, often using false names. In response to appellant's actions and threats, T.D. invited her sister to live with her, obtained a restraining order against appellant, and purchased a gun to protect herself and her family. She also made a complaint with the hospital police, and fliers were posted around the hospital to warn staff and employees "to be on the lookout for [appellant.]"

On or about the end of January 2022, appellant was arrested. He was arraigned on the offenses of stalking and assault causing bodily injury family violence. He was later indicted with the offense of stalking, enhanced with a previous conviction of murder. On December 15, 2022, pursuant to a plea

agreement, appellant waived his right to a jury trial entered an open plea of guilty to stalking.[1] Following his plea, the trial court conducted a hearing at which appellant's signed, written judicial confession and stipulation of evidence was admitted into evidence, as well as many of the emails appellant had sent to T.D., which she had forwarded to the police. T.D. testified as to appellant's conduct against her, specifically his uninvited appearances at her home that caused her to fear for her and her family's physical safety from injury or death, as well as his repeated electronic communications with her that caused her to feel—among other negative emotions— angry and scared. Several witnesses, including appellant, testified in his defense. At the conclusion of the hearing, the trial court accepted appellant's plea of guilty, found him guilty of the charged offense, sentenced appellant to twelve years' confinement, and certified his right of appeal.

## DISCUSSION

Pursuant to the guidelines set forth in *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel provides a thorough recitation of the facts in the record with record references, citations to legal authorities, and her professional evaluation and analysis of any potential meritorious grounds for appeal.

---

[1] No indictment for the assault offense appears in the record, and the only offense to which appellant entered a plea of guilty was the stalking offense.

Counsel indicates that she reviewed the entire appellate record including the indictment, his waiver of his right to a jury trial, the transcript of the hearing, and the clerk's record. Appellant's counsel concluded the indictment conferred jurisdiction upon the trial court and that no complaint was made to the indictments such that nothing was presented for appellate review. *See* TEX. CODE CRIM. PRO. art. 1.14 (waiver of rights and objections on appeal); *Bohannan v. State*, 546 S.W.3d 166, 171 (Tex. Crim. App. 2017) (citing TEX. CONST. art. V, § 12(b)) (presentment of indictment to court invests that court with jurisdiction over case). Appellant's counsel also detailed her review of appellant's waiver of jury, voluntariness of his plea, the trial court's admonishments, sufficiency of the evidence, performance of trial counsel, and whether punishment was disproportionate, concluding appellant received a fair trial free from reversible error.

After reviewing the hearing record for any objections and the performance of trial counsel, appellant's counsel concluded he received reasonably effective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Appellant's counsel states she reviewed the record to determine whether an excessive punishment argument exists. Counsel notes that trial counsel preserved error by objecting on the basis that the appellant's sentence constituted cruel and unusual punishment and on the basis that the sentence violated the objective of the penal code. *See* TEX. PENAL CODE § 1.02; TEX. R. APP. P. 33.1. Counsel correctly concludes that appellant's sentences are within the statutory ranges and that, given

the nature of the offense and details of the underlying conduct and appellant's prior convictions, nothing in the record suggests the punishment assessed is grossly disproportionate to the crimes or does not comport with the objectives of the Penal Code.

The State waived its opportunity to file an appellee's brief but filed a letter, in which the State agrees that there are no arguable issues for reversal, but identifies an error that appellant's counsel overlooked—the trial judge failed to orally admonish appellant about the possible negative effects a guilty plea could have under immigration law. *See* TEX. CODE CRIM. PROC. art. 26.13(a)(4), (d), (d-1) (requiring this admonishment to be delivered orally and in writing). Nevertheless, the State argues, and we agree, that this error does not present an arguable issue. The record shows that appellant is a United States citizen, so any failure to admonish him about the immigration consequences of his guilty pleas is harmless error. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007) ("[W]hen the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error."). Thus, the error does not present an arguable issue. *See Davilacontreras v. State*, No. 05-21-00995-CR, 2022 WL 4396145, at *1 (Tex. App.—Dallas Sept. 23, 2022, no pet.) (mem.

op., not designated for publication) (concluding that appeal was frivolous even though trial court committed the same error on essentially the same facts).[2]

We have reviewed the entire record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

### MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw from the case. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel shall send a

---

[2] As we did in *Davilacontreras v. State*, we limit our holding to the facts presented in this case: if the record affirmatively shows that a defendant is a United States citizen, the trial judge's erroneous failure to give an oral admonishment about immigration consequences does not present an arguable issue that makes an *Anders* brief inappropriate. 2022 WL 4396145, at *1, n.1. We distinguish our decision in *Jessie v. State*, in which we struck an *Anders* brief for failure to discuss several potential errors appearing in the record, only one of which was failure to give an immigration-consequences admonishment. *See* No. 05-20-00995-CR, 2022 WL 1164657, at *2–3 (Tex. App.—Dallas Apr. 20, 2022, order) (mem. op., not designated for publication) (also noting a defect in an indictment and multiple errors in the judgments). And we distinguish this case from those in which the admonishment is not given and the defendant's citizenship does not appear on the face of the record. *See Gist v. State*, No. 07-08-0030-CR, 2009 WL 1577968, at *1–2 (Tex. App.—Amarillo June 5, 2009, order) (per curiam) (mem. op., not designated for publication) (requiring rebriefing because trial judge did not give immigration-consequences admonishment), *disp. on merits*, 2009 WL 3320203 (Tex. App.—Amarillo Oct. 14, 2009, no pet.) (mem. op., not designated for publication) (affirming conviction because, although original appellate record was silent as to defendant's citizenship, supplemental record showed that he was a United States citizen).

copy of the opinion and judgment to appellant and advise appellant of his right to pursue a petition for discretionary review. *See* TEX. R. APP. P. 48.4.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
230483F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEON JERNIGAN, Appellant

No. 05-23-00483-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-70147-U. Opinion delivered by Justice Kennedy. Justices Molberg and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of October, 2024.